SARTAIN, Judge.
This workmen’s compensation suit was instituted by Willie Cain against Wilson Warehouse Company, his employer, and The American Insurance Company, its compensation insurer, arising out of injuries sustained on November 24, 1964, when a stack of wooden pallets fell on plaintiff’s right leg. It is not contested that the accident occurred in the course and scope of the employment. The American Insurance Company has paid plaintiff compensation benefits of $35.00 per week for thirty-three (33) weeks or through July 13, 1965.
The plaintiff filed suit alleging total and permanent disability. After hearing the testimony and examining the evidence, the trial court rendered judgment in favor of plaintiff allowing additional compensation from July 13 to August 12, 1965, of $35.00 per week. Oral reasons were assigned and reduced to writing and placed in the record. Both the plaintiff and the defendant appeal from this judgment.
The basic issue to be determined on appeal is whether or not the plaintiff has proven by a preponderance of the evidence that he is disabled within the meaning of the workmen’s compensation statute beyond the period of July 13, 1965. The plaintiff *99 relies on the testimony of three expert witnesses, Dr. J. Willard Dowell, Dr. Allen Jackson and Dr. J. S. Lucas, and two lay witnesses, Jesse Donahue and Annie Lee Woodward, in addition to his own testimony.
Dr. Allen Jackson, an orthopedic surgeon, first treated plaintiff on November 25, 1964, and found that plaintiff had sustained a bimalleolar closed fracture of the right ankle, a laceration of the left leg without evidence of bone damage, and reportedly at a later date, plaintiff indicated to him that he had hurt his back. Dr. Jackson treated plaintiff continuously until October 20, 1965, although he testified he had discharged the plaintiff to return to work on July 13, 1965. Dr. Jackson on that date found that plaintiff had a 5% disability of the ankle and indicated that his finding that the plaintiff could return to work was made without consideration of pain as an element of disability.
Dr. J. S. Lucas, a general practitioner, testified that he had examined the plaintiff on December 17, 1965, and found a slight bit of swelling in the ankle and the lateral area of the foot. He further testified that there was indication of pain past the 80% range motion of the foot, but that this pain would probably decrease with time. Dr. Lucas stated that an injury of this type normally heals in 3 to 4 months and 6 months at most. Dr. Lucas stated that the pain experienced by plaintiff should be of a minimal nature as the date of his examination was over a year after the accident.
Dr. J. W. Dowell, an orthopedic surgeon, testified that he examined the plaintiff on August 12, 1965. An x-ray was made of the plaintiff’s ankle and that the fractures were completely healed. He stated that the plaintiff might have recurrent pain in his ankle but that such pain would be minimal. Dr. Dowell testified that the plaintiff was capable of returning to work at full duties.
The plaintiff in his brief assigns the following specifications of error: The trial court erred in not awarding total and permanent disability based on the doctor’s testimony that plaintiff had a partial disability and could not work without pain; The trial court erred in not giving any weight to lay-testimony regarding plaintiff’s disability because of pain; and, The trial court erred in not awarding plaintiff temporary total disability under the provisions of LSA-R.S. 23:1221.
Under the well settled jurisprudence of this state, the law does not expect and it does not contemplate that a worker, in order to make a living, must work in pain, or that he do so when it will materially increase hazards to his own health and safety or to those of his fellow employees. Brannon v. Zurich General Accident and Liability Ins. Co. et al., 224 La. 161, 69 So.2d 1, 1953.
It is equally well settled that a compensation claimant will not be held to be disabled, within the meaning of the Louisiana Workmen’s Compensation Act, solely because he suffers some residual pain or discomfort when he attempts to work, and will be disabled only if the pain is a substantial and real pain. Moreau v. Employers Liability Assurance Corp., La.App.3rd Cir., 180 So.2d 835, 1965. Thus the facts of the case'should be examined to determine whether or not pain exists and if so, whether it is sufficient to warrant being classified as disabling.
The trial court noted that all the doctors testified that if there was pain, it would be in the nature of discomfort and would be minimal. All the medical testimony was to the effect that the plaintiff was able to return to work and perform his duties. The trial court found that the plaintiff was able to return to work as of August 12, 1965. The court relied primarily on the testimony of Dr. J. Willard Dowell, an orthopedic surgeon, who testified that as of that date the plaintiff’s ankle *100 injury had completely healed and that he was able to return to work.
 After careful consideration of the testimony as a whole, this court is of the opinion the findings of the trial court are amply supported by the record. In a workmen’s compensation case, as in any other case, the plaintiff must prove his case by a preponderance of the evidence, and we find that the plaintiff has failed to sustain the burden of proving the existence of such pain in the instant case to justify a holding by us that he is totally disabled to perform his duties of a general laborer after August 12, 1965. Based on the testimony of the medical witnesses there may be residual pain but it is minimal and will decrease with time.
In regard to the defendant’s contention that the plaintiff’s disability terminated prior to August 12, 1965, we find no manifest error in the judgment of the trial court in exercising its discretion as to when the disability terminated.
The plaintiff further contends that the trial court erred in not hearing or giving any weight to the testimony of the lay witnesses as to pain and suffering exhibited by plaintiff and the inability of plaintiff to work because of such pain. While it is true that the expert witnesses testified that other than giving medical evidence of the sources of pain they were unable to substantiate its existence or rate pain objectively, they testified that such pain, if it existed, would be minimal and would not affect the plaintiff’s ability to perform his duties.
The trial court allowed the testimony of the lay witnesses to be taken and placed in the record. The trial court found no conflict in the medical testimony and refused to give any weight to the testimony of the lay witnesses. It is the opinion of this court that the trial court was correct in rejecting such testimony and refusing to give it any weight under the facts of this case.
The plaintiff also contends that the trial court erred in not awarding temporary total disability under the provisions of LSA-R.S. 23:1221. In view of the foregoing findings of fact we are of the opinion that the facts do not warrant or justify the application of LSA-R.S. 23:1221 herein.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be borne equally by the parties. All other costs are assessed against defendants.
Affirmed.